IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

    Plaintiff,

v.

CORY D. WILLIAMS,

    Defendant.

---

COMPLAINT TO REQUIRE CORY D. WILLIAMS TO COMPLY WITH A SECURITIES AND EXCHANGE COMMISSION ORDER

---

The Plaintiff Securities and Exchange Commission (the "Commission") respectfully applies to the Court for a judgment pursuant to Section 209(d) of the Investment Advisers Act of 1940 ("Advisers Act"), 15 U.S.C. § 80b-9(d) enforcing compliance by the Defendant Cory D. Williams ("Williams") with a final Commission Order entered against him on August 13, 2015 (the "Commission Order"), directing Williams to pay disgorgement of $94,191, together with prejudgment interest of $9,854, and further requiring Williams to pay a civil money penalty of $94,191, plus outstanding interest pursuant to 31 U.S.C. § 3717, and injunctive relief within ten (10) days from the date of the Commission Order.

In support, the Commission states as follows:

### INTRODUCTION

1.    The Commission found, on his offer of settlement, that Williams had willfully violated Sections 206(1) and 206(2) of the Advisers Act, which makes it unlawful for any investment adviser, by use of the means of interstate commerce, directly or indirectly, to (1)

Case 1:20-cv-02347-GLR   Document 1   Filed 08/13/20   Page 2 of 7

"employ any devise, scheme, or artifice to defraud any client or prospective client" or (2) "engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client. A copy of the Commission Order is attached as Exhibit 1.

2. The Commission seeks by this action to compel Williams to comply with the Commission Order.

## PARTIES

3. The Commission is an agency of the United States Government. The Commission's principal office is located at 100 F Street, N.E., Washington, DC 20549.

4. Cory D. Williams, age 48, is a resident of Monkton, Maryland.

## JURISDICTION AND VENUE

5. This Court has jurisdiction under Section 209(d) of the Advisers Act.

6. Venue lies in the District of Maryland under Section 214(a) of the Advisers Act. Defendant is "found" or is an "inhabitant" of this District.

## STATEMENT OF RELEVANT FACTS

7. The Commission Order arose from William's willful violation of Section 206(1) and 206(2) of the Advisers Act.

8. Cory D. Williams was a former registered representative and investment adviser representative at Signator Investors, Inc. ("Signator"). Signator is a dually registered investment adviser and broker-dealer. Williams was involved in a fraudulent offering scheme and investment advisory fraud principally orchestrated by his partner James R. Glover ("Glover"), also a former Signator registered representative and investment adviser representative. While associated with Signator, from approximately May 1998 through May 2012, Glover conducted an offering fraud that defrauded at least 125 Signator advisory clients and brokerage customers of approximately

$13.5 million by soliciting them to invest in Colonial Tidewater Realty Income Partners, LLC ("Colonial Tidewater"), a security not approved for sale by Signator representatives. Glover made materially false and misleading statements regarding the financial health of Colonial Tidewater, the expected returns and risks of investing, and deceived investors by, among other things, creating the false impression that Colonial Tidewater was a Signator-approved investment.

9. Williams assisted Glover in managing Signator advisory client portfolios, including those clients who invested in Colonial Tidewater. While Williams lacked sufficient information to know that Glover's statements to investors were false, Williams did accept undisclosed fees from Colonial Tidewater. As an investment adviser, Williams had a fiduciary duty to disclose material conflicts of interest to his clients and to act in their best interests. Williams breached this duty by accepting quarterly commission payments from Colonial Tidewater that were not disclosed to the Signator advisory clients he serviced. These payments, which came from monies invested by his advisory clients in Colonial Tidewater, disadvantaged Williams' clients while benefitting Williams.  Further, Williams knew that a substantial number of his advisory clients were investing in Colonial Tidewater, but he knew virtually nothing about this unregistered offering, except that it was not an investment sanctioned or approved by Signator. When clients complained to Williams regarding problems with their investments in Colonial Tidewater, he ignored these red flags, continued to act as their investment adviser, and continued to receive payments from Colonial Tidewater. Based on these actions, Williams willfully violated Sections 206(1) and 206(2) of the Advisers Act.

10. Based on the conduct set forth herein, Williams violated Sections 206(1), 206(2) and 207 of the Advisers Act, and Rules 206(4)-8 thereunder.

11. As set forth in the Commission Order, entered with Williams's consent, the Commission imposed certain remedial sanctions and a cease-and-desist order.  The Commission Order required Williams to pay disgorgement of $94,191, together with prejudgment interest of $9,854, and further required Williams to pay a civil money penalty of $94,191, plus outstanding interest pursuant to 31 U.S.C. § 3717.

12. The Commission Order also imposed the following injunctive relief:  ordering Williams to cease and desist from committing or causing any violations and any future violations of Sections 206(1) and 206(2) Advisers Act, and Rules 206(4)-8 thereunder; and barring Williams from association with any broker, dealer, investment adviser, municipal securities dealer, municipal advisor, transfer agent, or nationally recognized statistical rating organization; and prohibiting Williams from serving or acting as an employee, officer, director, member of an advisory board, investment adviser or depositor or, or principal underwriter for, a registered investment company or affiliated person of such investment adviser, or depositor, or principal underwriter.

13. Williams was further barred from participating in any offer of a penny stock, including: acting as a promoter, finder, consultant, agent or other person who engages in activities with a broker, dealer or issuer for purposes of the issuance or trading in any penny stock, or inducing or attempting to induce the purchase or sale of any penny stock.

14. Williams did not seek review of the Commission Order, and his time to do so has expired.

15. Williams has not made any payment on the Commission Order, which remains due and owning with additional interest.

## **CLAIM FOR RELIEF**

16. Section 209(d) of the Advisers Act, 15 U.S.C. § 80b-9(d), provides, in part:

> Whenever it shall appear to the Commission that any person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of ... any ... order hereunder, ... it may in its discretion bring an action in the proper district court of the United States, ... to enforce compliance with ... any ... order hereunder.

17. The Commission may bring such a proceeding to compel compliance with an order it has entered. *Fiero v. Financzallndustry KegulatoryAuthority, Inc.*, 660 F.3d 569, 575 (2d Cir. 2011); *SEC v. Vittor*, 323 F.3d 930, 935 (11th Cir. 2003), *citing Lang v. French*, 154 F.3d 217 (5th Cir. 1998).

18. In such proceedings Williams may not challenge the validity of the order the Commission seeks to enforce in such proceedings. *SEC v. Gerasimowicz*, 9 F. Supp.3d 378, 381 (S.D.N.Y. 2014); *SEC v. Pinchas*, 421 F. Supp.2d 781, 783 (S.D.N.Y. 2006). "By the time a § 21(e)( 1) [the analogous provision relating to the Exchange Act] application is filed by the Commission, the time and opportunity for adjudicating the merits of the claim have been exhausted; all that is left to do is enforce the order." *SEC v. McCarthy*, 322 F.3d 650, 658 (9th Cir. 2003).

WHEREFORE, the Commission respectfully requests that the Court enter a judgment:

I.

Enforcing the Commission Order as to Williams.

II.

Entering a Judgment requiring:

a. Williams to pay disgorgement of $94,191, together with prejudgment interest of $9,854, and further requiring Williams to pay a civil money penalty of $94,191, plus outstanding interest pursuant to 31 U.S.C. § 3717 within ten (10) days from the date of the Commission Order; and

    b.   the Injunctive Relief set forth in the Order.

III.

That the Court order such other relief as may be necessary for enforcement of any order of this Court as to disgorgement and prejudgment interest through civil contempt and/or other collection procedures authorized by law.

IV

That the Court order such relief as may be necessary for enforcement of any order of this Court as to the civil monetary penalty pursuant to the Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3001 – 3308.

V.

That the Court retain jurisdiction as appropriate to assure and effect compliance with the orders entered herein.

VI.

That the Court order such other and further relief as may be just and proper.

Dated:  August 13, 2020

BY:       s/ Christy J. White
            CHRISTY J. WHITE
            Assistant Chief Litigation Counsel
            United States Securities and Exchange Commission
            100 F Street, NE, Mail Stop 5628
            Washington, DC 20549-5628
            Telephone:   202.551.4502
            Facsimile:    202.572.1372
            WhiteChr@SEC.gov

            Christopher R. Thomson
            Assistant Chief Litigation Counsel
            United States Securities and Exchange Commission
            100 F Street NE, Mail Stop 5631
            Washington, DC 20549

Attorneys for Plaintiff
United States Securities and Exchange Commission